*44
 
 Battle, J.
 

 The principle which must govern this case, is the same as that of
 
 Barrett
 
 v.
 
 Cole,
 
 decided at the present term, (ante 40). The owner of the gun in question, pawned it to the defendant, to secure a debt which he owed him, and the defendant immediately handed it back to him, and he kept it five months, and exchanged it to the plaintiff for another gun. By giving up the possession, the defendant lost j his lien, and the plaintiff acquired a
 
 good title by
 
 his pur- | chase from the owner. Thus, it is said in Stout on Bailments, sec. 299, “ that as possession is necessary to complete a title by pledge, so by the common law, the positive loss, or delivery back of the possession of the thing, with the consent of the pledgee, terminates his title.” So, in 2nd Kent’s Commentaries, 581, we find it laid down, that in the case of
 
 Castilyon
 
 v. Lansing, 2 Caine’s cases in Error, 200, it was shown, by a careful examination of the old authorities, to have been the ancient and settled English law, that delivery was essential to a pledge, and that the general property did not pass as in the case of a mortgage,J^ut remained with the pawnor. The Pledge of moveables without delivery is void as against subse-■nt
 
 bona fide
 
 purchasers, and generally, as against creditors.” PTWe are aware that there is an expression in the opinion, delivered by the Court, in the case of
 
 Macomber
 
 v.
 
 Parker,
 
 14 Pick. Rep. 509, which would seem to qualify the doctrine as laid down by these eminent jurists. The expression is this: “ If the vendor or the pledgor should have the ^ctual possession of the property, after it were pledged or sold, it would be only
 
 prima faeie,
 
 but not conclusive, evidence of fraud. The matter might be explained and proved to be for the ven-dee or pledgee.” Here it is not said that the possession of the pledgor is obtained by a re-delivery from the pawnee, and we presume, that such a case was not intended, because in a subsequent part of the same opinion, it is stated
 
 “
 
 that the lien would be destroyed, if tire party gives up his right to the possession of the goods.” Such, we believe, is the true doctrine, so far as creditors and subsequent
 
 bona fide
 
 purchasers are concerned. If it were otherwise, a wide door would be open
 
 *45
 
 to fraud and injustice. As between tbe parties themselves,, tbe rule may be different, and Story on Bailments, sec. 299,. cites
 
 Roberts
 
 v.
 
 Wyatt,
 
 2 Taun. 208, for tbe position, “ that if tbe thing is delivered back to tbe owner, for a temporary purpose only, and it is agreed to be re-delivered to him, the-pledgee may recover it against tbe owner, if be refuse to restore it, after tbe purchase is fulfilled,” However this may be, it does not apply to tbe case before us, in which tbe plaintiff claims as a
 
 bonco fide
 
 purchaser without notice. The. judgment must be reversed, and a
 
 venwe de novo
 
 awarded.
 

 Pee Cueiam. - Judgment reversed.